**YONG JIN LI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08–5940–ag.**

United States Court of Appeals, Second Circuit.

Sept. 25, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Scott E. Bratton, Margaret Wong & Associates Co., LPA, Cleveland, Ohio, for Petitioner.

Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Gregory M. Kelch, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, ROGER J. MINER, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Jin Li, a native and citizen of the People's Republic of China, seeks review of the BIA's denial of his motion to reopen removal proceedings. *In re Yong Jin Li,* No. A095 467 025 (B.I.A. Nov. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Li does not dispute the untimeliness of his June 2008 motion. *See* 8 C.F.R. § 1003.2(c)(2). Instead, he argues that the BIA erred by failing: (1) to recognize its authority to reopen his proceedings *sua sponte, see id.* § 1003.2(a); or (2) to state in its decision whether his motion fell within one of the exceptions to the applicable time limits, *see id.* § 1003.2(c)(3). Both arguments fail.

First, as Li recognizes, we lack jurisdiction to review the agency's decision as to whether *sua sponte* reopening is appropriate in a particular case, *see Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir. 2006), and we decline Li's invitation to revisit that decision here given Li's failure to raise an argument on this point before the BIA. Second, Li also failed to argue before the BIA that any of the § 1003.2(c)(3) exceptions applied to his motion, and he cites no authority for the proposition that the BIA was required to consider that issue on its own initiative. *See generally United States v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir.2002) ("Although the BIA has access to the entire record, it is not obligated to search it for possibly meritorious appellate issues.").

Because we cannot conclude that the BIA abused its discretion in denying Li's motion to reopen as untimely, we need not consider his additional arguments. His petition for review is DENIED.